The principal question in this case is, whether the contract before us be usurious or not ?
Let us consider what acts of the parties to a contract constitute usury, and apply the law to the case under consideration.
The general legal principles on which questions of usury are to be decided, seem to be well settled. An agreement, by which a higher premium than legal interest for the loan of money, is directly, or indirectly, secured to the lender, or a forbearance of a debt due, in consideration of receiving, at a future day, a higher premium, or greater emolument than legal interest, is clearly usury, within the statute, unless attended with some peculiar contingent circumstance, (not existing in the case before us,) by which the money lent, or the debt forborne, be put in evident hazard.
The forbearance of a debt due, being, in the present case, out of the question; let us see whether there was a loan of money, with a view of receiving a higher premium than legal interest? And, in my conception, we need only advert to the answer of the appellee, to establish the fact; and whether the first proposition came from the appellant, or was made by himself, seems quite immaterial. We must consider the contract as we find it stated in the record.
*430 The appellee, indeed, says, in his answer, that “ there was no conversation between him and the complainant, relative to a loan of money. That he had, on his part, no idea of a loan, nor any expectations that the complainant wished to become a borrower of money by-means of the said agreement; but supposed that the object of the complainant was to make an advantageous contract with Harry HethAnd what, let me ask, was to enable him to make the advantageous contract With Heth, but the 800/. advanced him by the appellee, for which he agreed to pay, and has actually paid, a most exorbitant premium ?
The appellee acknowledges that he paid the appellant the sum of 800/. in consideration of his agreeing to exonerate him from a debt of 1,200/. which he owed the said Heth for a tenement purchased of him in the city of Richmond, to be paid by annual instalments. Let it be called a payment, a supply, an advance, or what it may j and whatever attempt may be made to cover, or disguise the transaction, it was, in substance and effect, according to my apprehension, a borrowing and lending of money, with a view of receiving a higher premium than legal interest for the loan; and whether that premium was to have been paid, immediately, to the appellee, or to Mr. Heth on his account, makes no difference in principle; as, in either case, it is clearly within the mischief intended to be guarded against by the statute of usury.
The original contract appearing, on the face of it, as stated by both the parties, to have been usurious, no after transactions of theirs could, I conceive, take it out of the statute; and the cancelling the contract between the appellee and Heth, respecting the purchase of the tenement in the city of Richmond, cannot affect the merits of this case. It appears, however, by an exhibit in the record, that the appellee had, in March, 1801, received from the appellant the sum of 30/. 16s. 4d. over and *431 above the principal sum of 800/. loaned in the year 1798, with the legal interest thereon; and he confesses in his answer, that he has also received full satisfaction of the judgment he obtained against William Mewburn in the proceedings mentioned, amounting to 300/. with interest from the 6th day of September, 1800; and that he hath no interest in the judgment, obtained by Mewburn against the complainant, as his security in the bond, on which the judgment against Mewburn was rendered, and which, by the bill before us, is sought to be enjoined.
It has been observed that the appellee, when he advanced the money to Watkins, put it in hazard; and the extraordinary premium contracted for, was a compensation, or recompense, for the risk he ran, and therefore no usury; but it was not such a risk as the law contemplates to take the case out of the statute.
If such slight pretences were to be admitted, every usurer, who lends money at an exorbitant interest, payable at a distant day, might allege that he ran the risk of the borrower’s dying insolvent before the day of payment, and thereby evade the statute, and render it nugatory, and a dead letter.
On every view I have been able to take of this case, ■usury appears conspicuous; and I have no hesitation in saying, that I think the appellant entitled, at least, to the relief prayed for by his bill; and am, consequently, of opinion that the decree is erroneous, and ought to be reversed; and that is the opinion of a majority of the court.
Whereupon, the following decree was entered.
“ The Court is of opinion that the said decree is erroneous, the appellant having, in the opinion of the court, just grounds of relief against the appellee, Taylor, and having also a right to proceed, finally, against the appellee, Mewburn; against whom, as yet, the appellant has not so proceeded, and who, therefore, ought not to *432 be bound by the admission of the appellee, Taylor, or by the allegation contained in the other answer filed in this cause, that the debt in question has been regularly transferred by him to John Richard; (if he ought to be bound by the decision, upon the question of usury, rendered between the now parties; as to which this court gives no opinion;) therefore, it is decreed and ordered, that the same be reversed and annulled, and that the appellees pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here; and this court proceeding to make such decree as the said superior court of chancery ought to have pronounced, it is further decreed and ordered, that the appellee, Taylor, do pay to the clerk of the said superior court of chancery, or to such other person, or persons, as the said court may order and direct, the sum of three hundred pounds, with lawful interest thereon from the 6th day of September, 1800, and also the costs of a suit, recovered by the appellee, Taylor, against the said Mewburn, in the Hustings court of the city of Richmond, in the month of May, 1802, with legal interest on such costs, until payment thereof, and also the costs incurred by the said Mewburn in obtaining a judgment against the appellant in the said court of Hustings; to be, by the said clerk, or receiver, as the case'may be, paid over to John Richard, the agent in the proceedings mentioned; unless the said Mewburn shall, within ninety days after this decree shall be certified to the said court of chancery, and served upon him, satisfy the judge of the said court that the debt now in question has not been duly transferred to the said Richard, but is retained by himself, or is owned by some other person, claiming by assignment from him: in which case, the money aforesaid shall, under the order of the said court, be paid to the said Mew-burn, or other person his assignee as aforesaid; saving, however, to the said Richard, or those claiming under him, the right of appeal from such decision. And the *433 cause is remanded to the said superior court of chancery, in order to be finally proceeded in, pursuant to the princi,ples of this decree, and for the further purpose, after such payment shall have been made, of perpetually enjoining the judgment obtained, by the said Merwburn, against the appellant, as aforesaid. But, it being now suggested by the appellant’s counsel, that, since the exhibition of the bill, in this case, the sum due by the appellant to the said Mewburn, under his judgment aforesaid, has been paid by him, the appellant, to the said Mexvburn, or those claiming under him, whereby, while, on the one hand, the said Mexvburn, or those claiming under him, may be more than indemnified for his undertaking as security for the appellant, the latter may be a loser by the amount of the sum aforesaid, notwithstanding the opinion of this court that the contract in the proceedings mentioned is usurious and void; it is, therefore, further decreed and ordered, that nothing herein contained shall affect the right of the appellant to resort to the said court of chancery for relief against the payment in the case aforesaid; but that he be as free to pursue the same, as if this decree had not been made.”